**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STALIN N. ZAPATA-VARGAS,** *Petitioner,* | : | |
| **v.** | : | **CIVIL NO. 26-6691** |
| **J. L. JAMISON et al.,** *Respondents.* | : | |

**Scott, J.** **September 28, 2026**

**MEMORANDUM**

Petitioner, Stalin N. Zapata-Vargas, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and a contemporaneous Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Habeas Relief.

For the reasons given below, the Court denies the Petition and Emergency Motion.

## I. Background

Petitioner is a native and citizen of the Dominican Republic who was lawfully admitted to the United States on or about July 1, 2022, on a B-2 tourist visa that expired on July 11, 2022. ECF No. 1 at 6; ECF No. 3-3 at 2 (Ex. C). Petitioner overstayed his visa and has resided in the interior of the United States ever since. ECF No. 1 at p. 6; ECF No. 3-4 at 3 (Ex. D). Petitioner married a United States citizen on or around September 24, 2024. ECF No. 1 at 6; ECF No. 3-4 at 4 (Ex. D). Petitioner has had at least two encounters with law enforcement in the United States: an October 2024 charge for the offense of "Arrest Prior to Requisition" in Pennsylvania, and a March 2025 arrest for receiving stolen property in New Jersey. ECF No. 3-4 at 4 (Ex. D). The

latter arrest was dismissed after the court ordered Petitioner to attend a diversion program and pay the assessed amount. *Id.*

On August 27, 2026, officers of United States Immigration and Customs Enforcement ("ICE") apprehended Petitioner at the Philadelphia International Airport pursuant to a signed arrest warrant issued by the Department of Homeland Security ("DHS"). ECF No. 1 at 6; ECF No. 3-1 (Ex. A). Petitioner's DHS records indicate that he overstayed his nonimmigrant visa, and that he was "subject to President Donald Trump's Executive Order, titled 'Protecting the American People Against Invasion,' signed on January 20, 2025." *See* I-213, Record of Deportable/Inadmissible Alien, ECF No. 3-4 at 3 (Ex. D). Upon arrest, the Government provided Petitioner with a Notice to Appear which advised that he was subject to removal pursuant to Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(B), for his decision to remain in the United States longer than he was permitted to do so. *See* Notice to Appear, ECF No. 3-3 at 2 (Ex. C). Petitioner signed a Form I-286, Notice of Custody Determination, which informed him that he was being detained. *See* Form I-286, ECF No. 3-2 at 2 (Ex. B). Petitioner indicated on this document that he (1) acknowledged receipt of the notification, and (2) requested that an immigration judge review ICE's custody determination. *Id.* Petitioner was subsequently detained at the Philadelphia Federal Detention Center ("FDC"). ECF No. 1 at 7. On September 4, 2026, Petitioner filed the instant habeas petition and a contemporaneous "Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Habeas Relief," seeking release from detention, an injunction against transfer, and an expedited order to show cause. *See* ECF No. 1 at 15.

In addition to Petitioner's initial request for review of his custody determination on the I-286, the parties have informed the Court that, on or about September 10, 2026, Petitioner also filed

a Motion Requesting Bail through the Executive Office of Immigration Review ("EOIR" or "Immigration Court"). In support of this Motion, Petitioner submitted the criminal court docket from his Pennsylvania case, as well as the hearing transcript and final disposition order from his New Jersey case. On September 17, 2026, Immigration Judge Adam Panopoulos held a bond hearing at which he denied Petitioner's request for bail, finding that Petitioner would be a flight risk. Petitioner reserved the right to appeal this determination, and the appeal deadline is October 19, 2026.

## II. Legal Standard

28 U.S.C. § 2241 confers jurisdiction upon the federal courts to review the legality of immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Under § 2241, a petitioner is entitled to relief if he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The burden is on the petitioner to show that his or her confinement is unlawful. *See Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

## III. Discussion

### A. 8 U.S.C. § 1252(g) Does Not Strip This Court of Jurisdiction

As an initial matter, and contrary to Respondents' argument otherwise, 8 U.S.C. § 1252(g) does not deprive the Court of jurisdiction over this matter. In numerous recent opinions addressing issues similar to those raised here, judges throughout this District have repeatedly rejected this argument. *See, e.g.*, *Hernandez Degadillo v. Blanche*, 26-cv-6195, 2026 WL 2569475, at *2 (E.D. Pa. Aug. 31, 2026) (Perez, J.); *De Sousa v. Jamison*, 26-cv-4797, 2026 WL 2097226, at *1–2 (E.D. Pa. July 27, 2026) (Beetlestone, C. J.); *Torres-Duran v. Blanche*, No. 26-cv-3586, 2026 WL 1878605, at *2 (E.D. Pa. June 30, 2026) (Pappert, J.); *Ubaid v. Jamison*, No. 26-cv-2681, 2026 WL 1346670, at *2 (E.D. Pa. May 14, 2026) (Younge, J.); *Dos Reis v. McShane*, 26-cv-3775, 2026 WL 1746649, at *2 (E.D. Pa. June 17, 2026) (Sánchez, J.); *Kashranov v. Jamison*, No. 25-cv-

5555, 2025 WL 3188399, at *3–4 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025) (Kenney, J.). The Court adopts the reasoning of those decisions here.

**B. Petitioner Has Not Exhausted His Administrative Remedies**

It is undisputed that Petitioner was detained under Section 236 of the INA, 8 U.S.C. § 1226. *See* Form I-286, Notice of Custody Determination, ECF No. 3-2 (Ex. B) (stating that Petitioner was detained "[p]ursuant to the authority contained in Section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations"). Section 1226(a) of the INA permits ICE to, pursuant to a warrant issued by the Attorney General, "arrest[] and detain[] [an alien] pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). This provision and its implementing regulations also provide a two-step administrative process by which an alien may request review of a custody determination: (1) the detained noncitizen may request a bond redetermination hearing before an immigration judge; and (2) the noncitizen may appeal the immigration judge's bond decision to the Board of Immigration Appeals ("BIA"). *Ubaid v. Jamison*, No. 26-cv-2681, 2026 WL 1346670, at *3 (E.D. Pa. May 14, 2026) (citing 8 C.F.R. § 236.1(d)).

"In general, [a petitioner] must exhaust administrative remedies before proceeding on a habeas petition brought under § 2241." *Ubaid*, 2026 WL 1346670, at *3 (quoting *Pinet v. Holt*, 316 F. App'x 169, 171 (3d Cir. 2009) (per curiam)). And while exhaustion is not required when it would be futile, *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010), "that an 'argument would likely have failed is not tantamount to stating that it would have been futile to raise it.'" *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), *as amended* (July 24, 2003).

Here, Petitioner received his requested bond hearing before an immigration judge on September 17, 2026, received a determination denying bond, and reserved his right to appeal this

determination to the BIA. Because Petitioner has not yet completed the second step of § 1226's review process (indeed, the October appeal deadline has not yet elapsed), Petitioner has not exhausted his administrative remedies and his Petition is therefore not ripe for review by this Court.[1] *See Gomez v. Jamison*, No. CV 26-cv-3879, 2026 WL 1959116, at *3 (E.D. Pa. July 6, 2026).

## IV. Conclusion

For these reasons, the Court will deny Petitioner's habeas petition and its contemporaneous emergency motion.[2] An appropriate Order follows.

---

[1] Concerning Petitioner's due process claim, the Court notes that with regard to immigration proceedings, the Fifth Amendment "entitles a petitioner to (1) factfinding based on record evidence produced before the IJ and disclosed to the petitioner; (2) the ability to make arguments on his or her own behalf; and (3) the right to 'an individualized determination of [his/her] interests.' *Amos v. Att'y Gen. United States of Am.*, 157 F.4th 313, 323 (3d Cir. 2025) (alteration in original) (quoting *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001). In his request for a bond hearing, Petitioner submitted his criminal court materials for the Immigration Judge's consideration. At the September 17th bond hearing, the IJ made an individualized determination as to Petitioner, finding that he was a flight risk and should not be granted bond. Notwithstanding any purported constitutional issues with the original arrest, the IJ has since made an individualized determination as to Petitioner's detention that this Court will not second-guess prior to administrative exhaustion. Petitioner has also provided no evidence that the bond hearing failed to comply with the applicable due process requirements or with the requirements of INA § 1226.

[2] Petitioner's emergency motion argues that his "warrantless arrest" was unlawful and that he should be enjoined from transfer outside of this District to avoid frustrating this Court's review. *See* ECF No. 1-1 at 3, 7. Because Petitioner was in fact arrested pursuant to a signed warrant, and because both a bond hearing and this Court's review have been completed, the emergency motion shall be denied as moot.